## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

YAMILE DIAZ, as next friend of
MANUEL ALEJANDRO VAZQUEZ
PAREDES,

      Petitioner,

v.                                                                No. 26-6 MIS/SCY

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

      Respondents,

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me on the Petition for Writ of Habeas Corpus under 28 U.S.C.

§ 2241, filed by Yamile Diaz, as next friend of Manuel Alejandro Vazquez Paredes. Doc. 1.

United States District Judge Margaret Strickland referred this case to me under 28 U.S.C.

§§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir.

1990), "to conduct hearings, if warranted, including evidentiary hearings, and to perform any

legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 4.

Having reviewed the briefs and the law, I recommend that the Court grant Mr. Vazquez Paredes'

immediate release.

### BACKGROUND

On December 2, 2024, Mr. Vazquez Paredes, a citizen of Cuba, presented at a United

States port of entry without documents sufficient for lawful entry. Doc. 6-1 at 1; Doc. 6-2 at 2.

He expressed a desire to apply for admission, claiming asylum. Doc. 6-1 at 1; Doc. 6-2 at 2. An immigration officer provided Mr. Vazquez Paredes a Notice to Appear for Section 240 proceedings, ordering him to appear before an Immigration Judge ("IJ") on April 10, 2025. Doc. 6-1 at 1. The Notice to Appeal charged Mr. Vazquez Paredes under Section 212(a)(7)(A)(i)(I) of Immigration and Nationality Act ("INA") "as an immigrant, who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act." Doc. 6-1 at 4. The immigration officer also paroled Mr. Vazquez Paredes into the United States pending his Section 240 hearing. Doc. 6-2 at 3; Doc. 6-3.

On July 16, 2025, during a hearing in Mr. Vazquez Paredes' Section 240 proceedings, the Department of Homeland Security filed a motion to terminate the proceedings, arguing that Mr. Vazquez Paredes is "subject to expedited removal under INA § 235, and that expedited removal was recently expanded in its implementation, resulting in changed circumstances." Doc. 6-4 at 1. Over objection from Mr. Vazquez Paredes, the IJ granted the motion to terminate the Section 240 proceedings. Doc. 6-4. Immediately following this hearing, Immigration and Customs Enforcement ("ICE") arrested Mr. Vazquez Paredes while he was exiting the elevator inside the courthouse and he has been detained in ICE custody ever since. Doc. 1 ¶ 6. Mr. Vazquez Paredes filed an appeal of the IJ's dismissal to the Board of Immigration Appeals ("BIA"), which is still pending. Doc. 1 ¶ 9. On August 14, 2025, Mr. Vazquez Paredes requested a custody redetermination, which an IJ denied, finding that Mr. Vazquez Paredes is not eligible for bond. Doc. 6-5.

Mr. Vazquez Paredes, through his next friend and wife Yamile Diaz, filed the present

Petition for Writ of Habeas Corpus under § 2241 on January 2, 2026. Doc. 1. The federal

Respondents filed a response to the petition on January 20, 2026.[1] Doc. 6. Although the deadline

for Mr. Vazquez Paredes to file a reply has not yet expired, because I recommend granting the

relief he seeks, I enter this recommendation now, without the benefit of a potential reply.[2]

## LEGAL BACKGROUND

This case centers around the difference between regular removal proceedings and

expedited proceedings. As recently explained by Judge Curiel in the Southern District of

California,

> An arriving noncitizen seeking admission into the United States at a U.S. Port of
> Entry is "processed either through expedited removal proceedings or through
> regular removal proceedings." *Innovation Law Lab v. McAleenan*, 924 F.3d 503,
> 507 (9th Cir. 2019). The regular removal procedure is also known as "section 240
> proceedings." 240 proceedings involve an evidentiary hearing before an
> immigration judge and the ability for the individual to apply for asylum if he
> would be persecuted upon return to his home country. 8 U.S.C. § 1229a(a)(1),
> (b)(1); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020).
> Noncitizens seeking asylum are guaranteed due process under the 5th Amendment
> throughout this process. *Reno v. Flores*, 507 U.S. 292, 306 (1993).
>
> The DHS Secretary has discretion to release a noncitizen on parole during this
> process. In one procedure, an arriving asylum seeker may be paroled "for urgent
> humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). A
> separate procedure puts the immigrant in conditional parole. *Id.* § 1226(a). In
> either case, to release a noncitizen from custody requires a case-by-case
> determination, where the noncitizen must "demonstrate to the satisfaction of the

---

[1] Although the response is only filed on behalf of the federal Respondents, they acknowledge
that "all arguments made on behalf of the [federal] Respondents apply with equal force to the
Warden, as the Warden is detaining the Petitioner as the request of the United States." Doc. 6 at
1 n.1.

[2] Should Mr. Vazquez Paredes disagree with any part of this recommendation, he may file
objections to the recommendation, including any argument he intended to make in a reply.

officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8).

The second, more streamlined process is expedited removal, governed by 8 U.S.C. § 1225. Under these proceedings, noncitizens can be ordered removed by an immigration officer "without further hearing or review." 8 U.S.C. § 1225(b)(1)(A)(i). Because of the truncated procedure, expedited removal is limited to noncitizens meeting several requirements. First, a noncitizen is potentially eligible for expedited removal if he (1) sought to procure immigration status or citizenship via fraud or false representations or (2) "at the time of application for admission," failed to satisfy certain documentation requirements. *See* 8 U.S.C. § 1225(b)(1)(A)(i); 8 U.S.C. §§ 1182(a)(6)(C), 1182(a)(7). Second, expedited removal is further cabined to noncitizens who 1) are categorized as "arriving in the United States," or 2) have "not been admitted or paroled into the United States" and cannot affirmatively show they have been "physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility." *Id.* § 1225(b)(1)(A)(i)–(iii). Within that second requirement, the Attorney General can designate the population of noncitizens subject to expedited removal. *Id.* § 1225(b)(1)(A)(iii)(I).

 Once detained under expedited removal, if the noncitizen indicates an intention to apply for asylum and the asylum officer finds the fear to return to be credible, the applicant's claim will be fully considered in a standard removal hearing. *Thuraissigiam*, 591 U.S. 103, 110 (2020).

*Sun, v. Larose*, No. 26-CV-0193-GPC-JLB, 2026 WL 161417, at *2–3 (S.D. Cal. Jan. 21, 2026).

The issue in the present case arose due to a change in policy regarding when to use

expedited proceedings over full Section 240 proceedings.

The Attorney General has delegated the office's expedited removal designation power to the DHS Secretary. Before January 2025, DHS had only designated noncitizens as eligible for expedited removal if they were identified as "arriving," had arrived by sea within the last two years, or had been apprehended within 14 days of entry and 100 miles of the border. *See* Notice Designating Aliens Subject to Expedited Removal Under Section 235(b)(1)(A)(iii) of the Immigration and Nationality Act, 67 Fed. Reg. 68924, 68924 (Nov. 13, 2002); Designating Aliens For Expedited Removal, 69 Fed. Reg. 48877, 48879 (Aug. 11, 2004). In January 2025, DHS published the 2025 Designation, authorizing expedited removal to be

exercised to the "full scope of its statutory authority." Designating Aliens for Expedited Removal, 90 Fed. Reg. 8139, 8139 (Jan. 24, 2025). DHS has stated that this full scope applies to noncitizens "who are encountered anywhere in the United States more than 100 air miles from a U.S. international land border, and who have been continuously present in the United States for at least 14 days but for less than two years." *Id.*

In its implementation of the 2025 Designation, "the Government began targeting for expedited removal people already in section 240 removal proceedings, many of whom are pursuing asylum and other collateral relief" and executing "courthouse arrests." *Make the Rd. New York v. Noem*, No. 25-CV-190 (JMC), 2025 WL 2494908, at *5 (D.D.C. Aug. 29, 2025). The DHS' typical procedure for these courthouse arrests consist of "moving orally (without any advance notice) to dismiss the individual's pending section 240 proceedings, then arresting the individual at the courthouse immediately upon the dismissal of their section 240 proceedings, and then, finally, placing the individual in expedited removal proceedings through which they can be deported far more quickly, and with far less process, than they would have been in the section 240 proceedings." *Id.*

*Id.* at *3 (S.D. Cal. Jan. 21, 2026); *see also Coal. for Humane Immigrant Rts. v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986, at *2 (D.D.C. Aug. 1, 2025) ("M.A.R. and R.J.L.B. are two of hundreds of thousands of noncitizens who were paroled into the United States in recent years after inspection at a port of entry and who now face the threat of removal under highly truncated procedures that have rarely, if ever, been applied at any scale to parolees.").

## ANALYSIS

### 1. Next Friend

As an initial matter, Mr. Vazquez Paredes filed his petition through his wife and next friend, Yamile Diaz. Doc. 1. "Next friends" may prosecute a habeas proceeding "on behalf of detained prisoners who are unable . . . to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990); *see also* Advisory Committee Note to Habeas Corpus Rule 2(c)(5) ("The Committee envisions that the courts would apply [the] . . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the motion on

behalf of the movant."). To obtain this status, the putative next friend: (1) "must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action;" and (2) "must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S. 149 at 163. The putative next friend must also generally "some significant relationship with the real party in interest." *Id.*

Here, there is no dispute that the next friend, Yamile Diaz, has a significant relationship to Mr. Vazquez Paredes and is dedicated to his best interests, as his wife. Rather, Respondents dispute whether the first prong of the *Whitmore* test is met: they argue there is no evidence demonstrating that Mr. Vazquez Paredes cannot appear on his own behalf. Doc. 6 at 9. I disagree. The petition alleges that Mr. Vazquez Paredes has been detained since July 16, 2025 and his courthouse arrest deprived him of "any meaningful opportunity to consult with counsel or prepare to contest detention." Doc. 1 at 1 ¶ 7. Although minimal, I find these statements sufficient to justify the use of a next friend for this habeas petition.

I therefore recommend that Mr. Vazquez Paredes may proceed in this matter through his next friend, Ms. Diaz.

## 2. Exhaustion

Respondents argue that the Court should dismiss the petition because Mr. Vazquez Paredes has failed to exhaust his administrative remedies. Doc. 6 at 9-10. As explained by Judge Fouratt,

> The INA mandates exhaustion as to final orders of removal, but it contains no exhaustion provision regarding challenges to preliminary custody or bond determinations. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). Although § 2241 does not expressly require a petitioner to exhaust direct appeals before filing a petition for habeas corpus, as a prudential matter, habeas petitioners must exhaust available administrative remedies before seeking habeas

relief under § 2241. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Where exhaustion is not statutorily required, "sound judicial discretion governs." *Gonzalez*, 355 F.3d at 1016 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203.

*Franciso v. Dedos*, No. 1:25-CV-1229 MIS-GJF, 2026 WL 145456, at *7 (D.N.M. Jan. 20, 2026)

Here, Respondents argue that Mr. Vazquez Paredes has appealed the IJ's order dismissing his Section 240 removal proceedings to the BIA, and because that appeal is still pending with the BIA, the Court "should not allow Petitioner to shortcut the administrative process." *Id.* at 10. This argument, however, appears to confuse the proceedings. Indeed, Mr. Vazquez Paredes has filed an appeal of the order dismissing his Section 240 proceedings. However, in the present habeas petition, Mr. Vazquez Paredes is not seeking relief from the Section 240 proceedings. Rather, following dismissal of his Section 240 proceedings, ICE detained Mr. Vazquez Paredes under Section 1225(b)(1) for expedited removal proceedings. It is this detention that Mr. Vazquez Paredes challenges in the present habeas petition.

To the extent Respondents intend to argue that Mr. Vazquez Paredes failed to exhaust his request for custody redetermination (the issue presently before the Court), I find that such exhaustion would be futile. An IJ denied Mr. Vazquez Paredes' request for custody redetermination, finding that he is not eligible for bond as an arriving alien. Doc. 6-5. Given DHS's January 24, 2025 notice Designating Aliens for Expedited Removal, an appeal of the IJ's order would be futile because DHS has made it clear that it intends to classify noncitizens such as Mr. Vazquez Paredes as arriving aliens under 8 U.S.C. § 1225(b)(1), who are therefore subject to mandatory detention. *See* Designating Aliens for Expedited Removal, 90 Fed. Reg. 8139,

8139 (Jan. 24, 2025); *see also* 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV) (noncitizens subject to Section 1225(b)(1) face mandatory detention).

I therefore recommend that the Court reject Respondents' request to dismiss this matter for failure to exhaust.

### 3. Detention under Section 1225(b)(1)

As to the merits of his petition, Mr. Vazquez Paredes argues that continued detention violates his right to due process. Doc. 1. Respondents, in turn, argue that Mr. Vazquez Paredes is being properly detained under Section 1225(b)(1) and as such, his due process rights have been met. Doc. 6. Specifically, Respondents argue that, despite being originally placed in full Section 240 proceedings, Mr. Vazquez Paredes is subject to expedited proceedings under Section 1225(b)(1) and thus is subject to mandatory detention.

Section 1225(b)(1) provides that "[i]f an immigration officer determines that an alien . . . who is arriving in the United States . . . is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). Section 1182(a)(7), in turn, provides that

> Except as otherwise specifically provided in this chapter, any immigrant at the time of application for admission—
>
> **(I)** who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title . . .
>
> is inadmissible.

8 U.S.C. § 1882(a)(7)(A)(i). Noncitizens subject to Section 1225(b)(1) face mandatory detention. 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV).

Here, upon initial entry, Mr. Vazquez Paredes may have been a candidate for expedited removal under Section 1225(b)(1) as he was inadmissible under Section 1182(a)(7) due to a lack of valid entry documents. *See* Doc. 6-1. However, the government did not originally place Mr. Vazquez Paredes in expedited removal proceedings, instead placing him in full Section 240 removal proceedings. And because Mr. Vazquez Paredes has appealed the IJ's dismissal of the Section 240 removal proceedings to the BIA, those full proceedings are still active. *See* 8 C.F.R. § 1003.39 ("Except when certified to the Board, the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first."). Mr. Vazquez Paredes cannot be in both full 240 proceedings and expedited proceedings at the same time. *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases and noting that "Respondents in other cases have conceded that an individual cannot be in two removal proceedings simultaneously"). Thus, "even if § 1225(b)(1) could—as a general matter—apply to [Mr. Vazquez Paredes], he is not currently subject to expedited removal proceedings and thus is not subject to § 1225(b)(1)'s detention provisions. Respondents cannot detain [Mr. Vazquez Paredes] in connection with expedited removal proceedings that do not exist." *Fadeev v. Lyons*, No. SA-25-CA-01758-XR, 2026 WL 93147, at *4 (W.D. Tex. Jan. 7, 2026).

Lastly, Respondents argue that the Court has no jurisdiction to review a removal order under Section 1225(b)(1). However, Mr. Vazquez Paredes is not asking the Court to review a Section 1225(b)(1) removal order. Rather, Mr. Vazquez Paredes is asking the Court to review his current detention, which Respondents assert is mandatory while in Section 1225(b)(1)

proceedings. *See* 8 U.S.C. § 1252(e)(2)(B) (allowing habeas review of Section 1225(b)(1)

determinations limited to "whether the petitioner was ordered removed under such section").

Said differently, Respondents' argument depends on a determination that Mr. Vazquez Paredes is

in the midst of Section 1225(b)(1) proceedings. Because I conclude that Mr. Vazquez Paredes is

in the midst of Section 240 proceedings which are not available under Section 1225(b)(1), I

reject the premise of Respondents' argument.

 In sum, I recommend finding that Mr. Vazquez Paredes is not subject to detention under

Section 1225(b)(1) as Respondents allege. Because Respondents do not argue that Mr. Vazquez

Paredes is subject to detention under a different provision, such as Section 1225(b)(2), the Court

need not address arguments not made. The Court also need not address Mr. Vazquez Paredes'

due process claim further because, even if he is only entitled to the process afforded in the INA,

as Respondents argue, the government has not afforded Mr. Vazquez Paredes that process since

he is being detained under a statute to which he is not subject.

## RECOMMENDATION

 For these reasons, I recommend that the Court GRANT the Petition for Writ of Habeas

Corpus Under 28 U.S.C. § 2241 (Doc. 1), order Respondents to release Manuel Alejandro

Vazquez Paredes immediately, and order Respondents to file a status report with three days

confirming that Mr. Vazquez Paredes has been released.

Steven C. Yarbrough
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.