IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YAMILE DIAZ, as next friend of
MANUEL ALEJANDRO VAZQUEZ
PAREDES,

    Petitioner,

v.

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

    Respondents.

Case No. 2:26-cv-00006-MIS-SCY

## ORDER ADOPTING AND SUPPLEMENTING THE PROPOSED FINDINGS AND RECOMMENDATIONS AND GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Yamile Diaz's Verified Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed January 2, 2026 by Yamile Diaz as next friend of Manuel Alejandro Vazquez Paredes.[1] Four days later, January 6, 2026, the Court issued an Order to Answer ("Order"), ECF No. 3, and referred the case to the Magistrate Judge, ECF No. 4. Respondents filed a Response to the Petition on January 20, 2026, ECF No. 6.[2] The Magistrate Judge submitted

---

[1]     The Court refers to Mr. Vazquez Paredes as "Petitioner."

[2]     Respondent Dora Castro, Warden of the Otero County Processing Center, did not appear or file a response in this case. Instead, Federal Respondents noted in both the Response to the Petition, ECF No. 6 at 1 n.1, and their Objections to the Magistrate Judge's Proposed Finds and Recommended Disposition, ECF No. 9 at 1 n.1, that "all arguments made on behalf of the remaining Respondents apply with equal force to the Warden, as the Warden is detaining the Petitioner at the request of the United States." It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Proposed Findings and Recommended Disposition (PFRD) on January 28, 2026, ECF No. 8, to which Respondents filed objections on February 11, 2026, ECF No. 9. The Court will **ADOPT** the PFRD as supplemented herein, **OVERRULE** Respondents' objections, and **GRANT** the Petition.

First, the PFRD recommends that the Court permit Ms. Diaz, as the wife of Mr. Vazquez Paredes, to file the Petition as "next friend" of Petitioner. ECF No. 9 at 6. Whitmore v. Arkansas holds that next friends are only permitted where (1) the real party cannot appear, for reasons such as "inaccessibility," and (2) the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." 495 U.S. 149, 163 (1990). The PFRD finds that (1) Ms. Diaz, as his wife, "has a significant relationship to Mr. Vazquez Paredes and is dedicated to his best interests," and (2) the allegations in the Petition are sufficient justification to show that Mr. Vazquez Paredes "has been detained since July 16, 2025 and his courthouse arrest deprived him of 'any meaningful opportunity to consult with counsel or prepare to contest detention,'" ECF No. 8 at 6. Respondents object to the second finding, arguing that there is "no evidence before the Court demonstrating that Petitioner cannot appear on his own behalf" and Petitioner's ability "to present argument to the Immigration Court" on July 16, 2025 instead shows he "is more than capable of arguing his own claims on his own behalf," thus Petitioner fails to meet the "inaccessibility" requirement of the first prong of the Whitmore standard. See Obj. to the PFRD at 1-2, ECF No. 9; 495 U.S. at 163. Notably, Mr. Vazquez Paredes made the appearance to which Respondents refer prior to his detention. ECF No. 6-4; Pet. ¶ 6, ECF No. 1 ("On July 16, 2025, Petitioner was arrested by ICE at the El Paso Immigration Court immediately after his court appearance.").

The Court adopts the recommendation of the PFRD as to Ms. Diaz's appearance as the next friend of Mr. Vazquez Paredes. The Verified Petition alleges that Mr. Vazquez Paredes has not had a meaningful opportunity to consult with counsel or prepare to contest detention. Pet. ¶ 7, ECF

2

No. 1. Against this, Respondents argue that because Mr. Vazquez Paredes could make arguments before the Immigration Court <u>before</u> he was detained, he can make arguments on his behalf during his detention. That does nothing to refute the Verified Petition's allegations of a deprivation of meaningful consultation with counsel during detention, which the Court accepts as uncontested and true. Mr. Diaz may appear as the next friend of Mr. Vazquez Paredes.

Second, the PFRD recommends Petitioner's immediate release because administrative exhaustion "would be futile," and Petitioner is not subject to expedited removal under 8 U.S.C. § 1225(b)(1) because he remains in Section 240 proceedings and cannot be in both at the same time. ECF No. 8 at 6-10. Respondents object to both findings and to the recommendation for immediate release. Obj. to PFRD at 2-5, ECF No. 9. The Court has considered the PFRD recommendations, overrules Respondents' objections, and concurs with the PFRD recommendation for Petitioner's immediate release. The Court hereby adopts the PFRD findings as supplemented here.

Alternatively, Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in <u>Lopez-Romero v. Lyons</u>, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. <u>See</u> <u>generally</u> Resp., ECF No. 6; Obj. to PFRD, ECF No. 9. Petitioner has no criminal history, "strong family and

3

community ties, including verified employment history," and is lawfully married to a United States citizen who has filed a Form I-130 immigrant visa on his behalf. Pet. at 3, ECF No. 1.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. Yamile Diaz's Verified Petition for Writ of Habeas Corpus, ECF No. 1, as the next friend of Petitioner, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Manuel Alejandro Vazquez Paredes from detention;

3. Respondents **SHALL** file a Notice of Compliance by 2:00 pm Mountain Time on February 13, 2026;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

*Margaret Strickland*
_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE